## RICARDO BLAZQUEZ MACHOLA, Plff.,

### v.

## HERACLIO MEDINA, Dft.

Ponce, Law, No. 297.

SECURITY FOR COSTS.

Security for Costs—Conclusion of Law.

    Where a defendant moves by motion under oath that a plaintiff

Machola v. Medina.

give security for costs because, as alleged in the motion, on account of his financial condition he is unable to respond for costs, the defendant will be required to present proof of his allegation, which in itself is a mere conclusion of law.

Opinion filed June 27, 1916.

————————

*Messrs. J. A. Poventud* and *R. V. Perez-Marchand* for plaintiff.

*Messrs. S. W. Edwards* and *José Maldonado* for defendant.

HAMILTON, Judge, delivered the following opinion:

A motion is made in this case by the defendant under oath that the court grant an order requiring the plaintiff "to make a deposit or furnish security for all the costs that may accrue in the case," because, as therein alleged, "the plaintiff is . . . unable because of his financial condition to respond to such costs as may be adjudged against him." The motion also alleged that the plaintiff's inability was to respond for costs and attorneys' fees; but this court has repeatedly held that attorneys' fees cannot be collected, because of the limitations of §§ 823 and 824 of the Revised Statutes, Comp. Stat. 1913, §§ 1375, 1378, and the defendant has accordingly amended his motion at the hearing so as to strike out the words "attorneys' fees." The matter comes up, therefore, solely upon the question of costs.

Machola v. Medina.

There are two rules of this court on the subject of securing costs. Rule 15 requires that the plaintiff in any suit shall make certain deposits for costs and charges, the amount to be replenished whenever the deposit is exhausted. Rule 16 is the one now in question, and its wording is exactly that of the motion, so far as concerns this case. Rule 15 is enforced by the clerk, rule 16 by the defendant by means of a motion to the court.

Rule 16 calls for "proof" of certain facts, and there is before me no proof on either side, except the motion which is sworn to. The motion, however, although it uses the words of the rule, can hardly be considered as proof. It states conclusions, and not facts. What the court would need would be facts showing that the plaintiff is unable because of his financial condition to respond to costs, not the defendant's opinion on that subject. If such proof were before me, I would have to grant the motion, regardless of whether there is in the clerk's hands enough for present costs or not, unless the attachment bond makes a difference. But there is no such proof before me, and so, as the matter stands, I shall have to deny the motion. The rule, however, contemplates that the defendant may obtain such an order "at any time," and therefore the motion is denied without prejudice to another application to the same effect at a later date accompanied by proper proof.

It is so ordered.